UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Jose Morely Chocron,<br>a/k/a "Pepe," and<br><br>Alfredo Lichoa,<br><br>                    *Defendants.* | **Protective Order**<br><br>20 Cr. 400 (JSR) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could

lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by a defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

2

6. Sensitive disclosure material shall be disclosed only to the defense or to personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's

ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[This space intentionally left blank]

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____        Date:  __08/19/20_____
Andrew C. Adams
Benet J. Kearney
Sarah Mortazavi
Assistant United States Attorneys


_____            Date:  _____
Howard Brownstein, Esq.
Counsel for Jose Morely Chocron


_____            Date:  _____
Christopher Conniff, Esq.
Mary Brust, Esq.
Counsel for Alfredo Lichoa


SO ORDERED:

Dated: New York, New York
       August ___, 2020

                                          _____
                                          THE HONORABLE JED S. RAKOFF
                                          UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____        Date: _____
Andrew C. Adams
Benet J. Kearney
Sarah Mortazavi
Assistant United States Attorneys


/s/Howard Brownstein                              Date: 8/13/2020
_____                          _____
Howard Brownstein, Esq.
Counsel for Jose Morely Chocron


                                                  Date: _____
_____
Christopher Conniff, Esq.
Mary Brust, Esq.
Counsel for Alfredo Lichoa


SO ORDERED:

Dated: New York, New York
       August ___, 2020

                                                  _____
                                                  THE HONORABLE JED S. RAKOFF
                                                  UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____    Date: _____
   Andrew C. Adams
   Benet J. Kearney
   Sarah Mortazavi
   Assistant United States Attorneys

                                       Date: _____
   _____
   Howard Brownstein, Esq.
   Counsel for Jose Morely Chocron

   _____    Date: August 19, 2020
   Christopher Conniff, Esq.
   Mary Brust, Esq.
   Counsel for Alfredo Lichoa

SO ORDERED:

Dated: New York, New York
       August 19, 2020

                                       _____
                                       THE HONORABLE JED S. RAKOFF
                                       UNITED STATES DISTRICT JUDGE